O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FELIX ROSARIO, JR., | ) | CASE NO. ED CV 07-00857 (RZ) |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Although the Administrative Law Judge assessed both Plaintiff's alleged physical and mental impairments, in this action Plaintiff complains only of the findings related to his mental condition. The Administrative Law Judge found that Plaintiff did not have a severe mental impairment. [AR 13.] This finding was backed by substantial evidence.

Plaintiff complains that the Administrative Law Judge did not give proper deference to the opinion of his treating physician. On a form supplied by Plaintiff, the treating physician found that Plaintiff had marked limitations in thirteen of sixteen categories. [AR 213-14; AR 13-14 (ALJ decision).] If the Administrative Law Judge were to credit this opinion, then Plaintiff would have had a severe mental impairment. The requirement of having a severe impairment performs a gatekeeping function, screening out frivolous complaints. *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). In its internal

procedures, the Social Security Administration assesses an impairment as "non-severe" if it has no more than a minimal effect on the individual's ability to do basic work functions. SSR 85-28. This minimalist treatment has received the Courts' imprimatur. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Thus, the requirement that a claimant have a severe impairment simply means that the impairment must have more than a minimal effect on the claimant's ability to do basic work functions.

The Administrative Law Judge did not credit the treating physician's opinion, however. But he had good reasons to give it little weight. In two independent examinations, Plaintiff showed himself to be a malingerer and so full of inconsistencies that the fact of a severe mental impairment simply could not be believed. The state psychologist found that Plaintiff failed the Test of Memory Malingering. [AR 252.] Plaintiff denied having been in a drug treatment program, but records indicated that he was. [AR 253.] The psychologist noted inconsistencies in Plaintiff's reporting of drug use [AR 254]; determined that the results on his IQ test reflected lack of effort, not lack of ability [AR 254]; and concluded that there was no credible evidence of impairment in Plaintiff's ability to do those things necessary in the workplace. [AR 258.] The psychologist had the benefit of reviewing Plaintiff's records prior to the interview.

Because the state psychologist had the benefit of reviewing Plaintiff's records, as well as examining him, the Administrative Law Judge placed the greatest reliance on his opinion. [AR 14.] Also, however, he relied on the opinion of a consulting psychiatrist, who had examined Plaintiff a year and a half earlier, an examination which further reinforced the notion that Plaintiff was capable of much more than he was letting on. Thus, the psychiatrist found numerous inconsistencies, such as Plaintiff's denying that he tried to commit suicide, despite records showing that he did [AR 151]; Plaintiff's saying that he had been "in and out of jail," but denying on his questionnaire that he ever had been arrested [AR 152]; and Plaintiff's saying that he used illicit drugs four weeks prior to the interview, even though on his written statement he had said that he had last used them

1 eleven months earlier. [AR 153.] He also flat-out lied to the psychiatrist: he told her that
2 he did not drive, but she observed him get into a car and drive away after the interview.
3 [AR 153-54.] The psychiatrist felt that Plaintiff was not being credible in the mental status
4 examination [AR 155]; in fact, the psychiatrist "did not see anything very credible about
5 this patient." [AR 156.] She found that he was not impaired in his ability to do the kinds
6 of things necessary to work [AR 157], and assessed his general level of functioning at 85
7 [AR 156], an assessment which means that Plaintiff had good functioning in all areas.
8 AMERICAN PSYCHIATRIC ASSOCIATION, DIAGNOSTIC AND STATISTICAL MANUAL OF
9 MENTAL DISORDERS (DSM-IV) (4th ed. 1994) at 32.

10 The Administrative Law Judge acted within his authority in preferring these
11 assessments over the contrary assessment of the treating physician. The Administrative
12 Law Judge noted that the treating physician had been treating Plaintiff only for two
13 months, that when he began treatment, he characterized Plaintiff's mood as "stable" and
14 reported that Plaintiff was doing "ok" with his medications, and that the records did not
15 indicate anything to suggest such a precipitous decline in Plaintiff's capability during the
16 two months between the start of treatment and the time the doctor filled out the
17 questionnaire. [AR 13-14.] The Administrative Law Judge also stated that the treating
18 physician did not appear to have taken Plaintiff's alcohol and drug usage into account
19 [AR 14], but in this the record does not support him; as Plaintiff points out, the instructions
20 on the questionnaire directed the doctor to state his opinions without considering the effects
21 of alcohol and drug usage or abuse [AR 213], and the Court presumes he followed those
22 instructions. The Administrative Law Judge also noted, however, that the treating
23 physician stated that Plaintiff's impairment had not lasted or was expected to last 12
24 months [AR 214], a fact which itself would mean that Plaintiff did not have a severe
25 impairment. In this Court, Plaintiff quibbles with this last assessment, saying that the
26 doctor did not know how long Plaintiff's condition might last; but, be that as it may, it did
27 not appear to the doctor that it would last 12 months.
28

It is true, of course, that the opinion of a treating physician generally enjoys greater deference than the opinion of an examining physician, *Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001), but the Administrative Law Judge nevertheless is not required to accept it.  Although the treating physician's opinion is given deference, the Administrative Law Judge may reject the opinion of a treating physician in favor of a conflicting opinion of an examining physician if the Administrative Law Judge makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  Inconsistencies and findings of other physicians are factors that an administrative law judge may rely on in choosing not to accept the opinion of the treating physician.  *Morgan v. Apfel*, 169 F.3d 595, 602-03 (9th Cir. 1999)*; Batson v. Commissioner*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Johnson v. Shalala*, 60 F.3d 1428, 1433-34 (9th Cir. 1995).  The Administrative Law Judge fulfilled his obligation to explain his rejection of the treating physician's opinion.

In this Court, Plaintiff also complains that the Administrative Law Judge should have evaluated the side-effects of Plaintiff's anti-psychotic medications, saying that they cause drowsiness (and, presumably, therefore would have an impact on Plaintiff's ability to work).  But Plaintiff points to nothing in the record establishing any significant side effects.  The Administrative Law Judge is not required to discuss everything in the record, *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003), and he did not err by not discussing the potential side effects of the medications.

Last, Plaintiff argues that the Administrative Law Judge erred by not adducing the testimony of a vocational expert.  This is because, Plaintiff says, he had significant non-exertional mental impairments.  But the Administrative Law Judge found that Plaintiff did not have severe mental impairments, and that conclusion was justifiable.  Accordingly, the Administrative Law Judge also did not err by declining to take testimony from a vocational expert.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: March 10, 2008

*[signature: Ralph Zarefsky]*

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE